UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
MOHAMED ALI ABDRABO,                :
                                    :
            Plaintiff,              :   03 CIV. 7690 (DLC)
                                    :
      -v-                           :   OPINION & ORDER
                                    :
STATE OF N.Y.-WORKER COMPENSATION BD.,:
FOWAD TRADING CO., INC., Managing by Mr.:
Fouad, and AMERICAN MOTORIST INSURANCE :
COMPANY, C/O the Kemper National    :
Insurance Company,                  :
                                    :
            Defendants.             :
                                    :
------------------------------------X

Appearances:

For Plaintiff, pro se:
Mohamed Ali Abdrabo
New York, New York

For defendant Fowad Trading Co.:
Robert Wanker
425 73rd Street
Brooklyn, New York 11205

DENISE COTE, District Judge:

    This Opinion addresses the motion of defendant Fowad Trading Company ("Fowad") for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., following the close of discovery. For the reasons set forth below, judgment is granted in favor of Fowad on plaintiff's FLSA claim. Judgment is denied on plaintiff's promissory estoppel and Title VII claims.

Background

    The facts alleged in this case have already been described in an Opinion deciding earlier motions for judgment on the

pleadings. See Abdrabo v. State of N.Y. Worker Comp. Bd., No. 03 Civ. 7690 (DLC), 2004 WL 1391652 (S.D.N.Y June 22, 2004). This discussion draws significantly from that Opinion. According to the complaint, pro se plaintiff Mohamed Ali Abdrabo ("Abdrabo") was employed as a security guard by Fowad Trading Company ("Fowad") from January 1, 1992 through December 21, 1998. In April 1994, Abdrabo developed a left inguinal scrotal hernia when he lifted a heavy box at work. He immediately informed Fowad of his injury. After the hernia became enlarged in 1995, plaintiff sought treatment at Roosevelt Hospital, and his injury was diagnosed at that time. On December 21, 1998, plaintiff again went to Roosevelt Hospital and was referred to a specialist for surgery.

After Fowad refused to execute the necessary documentation for payment of Abdrabo's surgery, he consulted an attorney and filed a worker's compensation claim with the State of New York Worker Compensation Board ("WCB"). Plaintiff was hospitalized due to a strangulation of his hernia from July 29, 1999 to August 3, 1999 and, as reflected in documentation attached to the complaint, underwent a surgical procedure at that time. In March 2000, a WCB judge found that Abdrabo's worker's compensation claim was untimely filed. Abdrabo's attorney filed an untimely appeal, which was denied on that basis by the WCB's Appeals Board. On September 30, 2003, Abdrabo filed the present action.[1]

---

[1] Abdrabo had previously filed six or more actions against Fowad in state court. Submissions to the Court regarding the

2

Abdrabo's claims against WCB were dismissed at an initial conference of January 27, 2004. Fowad initially failed to answer or to attend the initial conference. Counsel made an appearance in response to a January 30, 2004 Order to Show Cause, and Fowad filed a motion to dismiss, later amended to a motion for judgment on the pleadings, on February 24, 2004. The Opinion of June 22, 2004 dismissed all claims against Fowad's insurer, American Motorist Insurance Company, as well as a 42 U.S.C. § 1983 claim against Fowad. Abdrabo, 2004 WL 1396152, at *5. That Opinion characterized plaintiff's remaining claims against Fowad as follows. Plaintiff's first claim is for failure to pay minimum wage and overtime as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207, and for failure to keep payroll records under Labor Department regulation 29 C.F.R. § 516.2. Plaintiff's second claim is for promissory estoppel. Abdrabo contends that Fowad, through the actions of Fouad Mohamed Al Eshmawi ("Al Eshmawi"), promised to pay for his hernia operation and actively encouraged him to lie to the hospital about his personal information and employment status. Plaintiff's third claim is a Title VII claim under 42 U.S.C. § 2000(e). Abdrabo alleges that he was discriminated against on account of his religious beliefs.

On November 27, 2004, Fowad filed a new motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. It

---

status of those actions are described in Abdrabo, 2005 WL 1391652, at *1-*2.

3

contends that plaintiff's FLSA claim is barred by the FLSA's three-year statute of limitations. It also argues that plaintiff's promissory estoppel claim is barred by the six-year statute of limitations set out in N.Y, C.P.L.R. 213(2). Finally, Fowad argues that plaintiff's Title VII claim involves "non-specific allegations" and should be dismissed on that basis.

Discussion

The standard for evaluating a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is the same as that for evaluating a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Id. Pleadings need only give fair notice of a claim and the grounds upon which it rests in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Where a plaintiff is proceeding pro se, the court must "construe [the] pleadings broadly, and interpret them to raise the strongest arguments they suggest." Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000) (citation omitted).

1. The FLSA Claim

The statute of limitations on a claim for a willful

4

violation of the minimum wage or overtime laws is three years; non-willful violations are barred after two years. 29 U.S.C. § 255(a). In his complaint, plaintiff states that he left his employment with Fowad on December 21, 1998. This action was filed on September 30, 2003, nearly five years after Abdrabo's employment ended. The statute of limitations begins to run as soon as the claim for unpaid wages or overtime accrues, id., not as of the date employment ceases, which means that the statute began running even earlier than plaintiff's departure date for most of the recovery he seeks. Because the FLSA claim is time-barred, judgment is granted for Fowad.

2. The Promissory Estoppel Claim

The statute of limitations for a promissory estoppel claim is six years. N.Y. C.P.L.R. 213(2). Fowad argues that the statute of limitations began running either when plaintiff developed his hernia in April 1994, or when the injury was diagnosed in 1995.

"Under New York law the essence of either a claim of promissory estoppel or a claim of breach of contract is a claim of damages for breach of promise." Schmidt v. McKay, 555 F.2d 30, 36 (2d Cir. 1977). The statute of limitations for promissory estoppel begins to run when the defendant breaks the alleged promise. See id. at 34; cf. Ely-Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402 (1993) ("In New York, a breach of contract cause of action accrues at the time of the breach.").

5

Abdrabo wishes to recover for the expenses of his hernia surgery and related care; the promissory estoppel claim accrued when Fowad refused to pay for the care as Adrabo alleges he was promised. Abdrabo was hospitalized from July 29, 1999 through August 3, 1999. Abdrabo's claim for surgical expenses would have accrued sometime after those dates. The complaint was filed in September 2003, well within the six-year statute of limitations. Fowad's motion for judgment on the promissory estoppel claim is accordingly denied.

3. The Title VII Claim

Fowad argues that plaintiff's Title VII claim is pled with non-specific allegations, and that summary judgment should therefore be granted. Fowad cites to no materials other than the complaint in making this argument; it has submitted no evidence in support of what it characterizes as a summary judgment motion.[2] As such, Fowad's motion will be treated as a motion for

---

[2]Plaintiff, for his part, has submitted a detailed memorandum of law in opposition to judgment on the pleadings in which he explains that Al Eshmawi is a Sunni Muslim, while Abdrabo is a Shi'ite Muslim. He alleges that, because Abdrabo would refuse to pray with Al Eshmawi, Al Eshmawi cursed Abdrabo's religion in front of workers and customers, called Abdrabo names, and deprived Abdrabo of opportunities for advancement. Abdrabo filed a complaint based on religious discrimination with Human Rights Watch in New York City on January 22, 1999, but was told to come back after his case before the Worker's Compensation Board was resolved. Abdrabo states that, in addition, he filed a claim with the EEOC on July 21, 2001; at that time, he was told to wait 180 days to call the EEOC office again. The office he was told to contact was in the World Trade Center. Abdrobo "lost his guidance" after the World Trade Center disaster on September

judgment on the pleadings.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. In <u>Swierkiewicz</u>, the Supreme Court rejected a heightened pleading standard for employment discrimination cases, 534 U.S. at 512, and held that it was not necessary for a Title VII plaintiff to plead every element of the prima facie case, <u>id.</u> at 511. The <u>Swierkiewicz</u> Court emphasized that a complaint must give a defendant fair notice of the claims pending against him, but it refused to require more than that. Rather, "[t]his simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." <u>See id.</u> at 512. The notice pleading standard is applied even more liberally in cases where a plaintiff is proceeding <u>pro se</u>. <u>See Cruz</u>, 202 F.3d at 597.

As already determined in the Opinion of June 22, 2004, the complaint can be construed to plead a Title VII claim against Fowad. This is all that is required at the pleading stage; Fowad had the opportunity to find out the specific facts underlying plaintiff's allegations by conducting discovery.[3] Defendant's motion for judgment is denied on the Title VII claim.

---

11, 2001.

[3] Pursuant to an Order of June 21, 2004, fact discovery closed in this case on October 15, 2004.

7

Conclusion

Judgment is granted for defendant Fowad on plaintiff's FLSA claim. Fowad's motions for judgment on the promissory estoppel and Title VII claims are denied.

SO ORDERED:

Dated:   New York, New York
         May 27, 2005

_____
DENISE COTE
United States District Judge